

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONICIO CALMO PEREZ,<br><br>                                 Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>                                 Respondents. | Case No.: 26cv3178-LL-JAC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 6] |

Before the Court is Petitioner Dionicio's Calmo Perez's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 requesting immediate release because he was arrested without an administrative warrant. ECF No. 6 ("Pet."). Respondents filed a Return in opposition to the Petition ("Ret.") where they indicated that they "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 7. Petitioner filed a Traverse where he raised that the Government failed to address his argument for immediate release due to the lack of an administrative warrant. ECF No. 8. Petitioner contends he should be released rather than granted a bond hearing. *Id*.

The Court ordered the Government to respond to Petitioner's argument that he was arrested without an administrative warrant. ECF No. 9. The Government filed a Supplemental Brief attaching an administrative warrant that was served upon Petitioner on

January 3, 2026, the day that he was arrested. ECF No. 10, Ex. 1. The Government reiterated that "Respondents acknowledge that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 32288403 (C.D. Cal. Nov. 25, 2025)" and that "Respondents do not oppose an order from this Court directing a bond hearing to be held pursuant to 8 U.S.C. § § 1226(a)." ECF No. 10 at 2. On June 26, 2026, Petitioner filed a Reply to the Government's Response. ECF No. 11 Petitioner argued in the Reply that Petitioner is still entitled to release, and not bond, because "nothing in the warrant shows that it was issued *before* Mr. Calmo Perez's arrest" and instead "it suggests that the warrant was only prepared and served on him *after* he was arrested and taken into custody." *Id.* at 2 (emphasis in original). For the reasons set forth below, the Court **GRANTS IN PART** the Amended Petition and **ORDERS** that Petitioner be given a bond hearing within **fourteen (14) days**.

## I.      LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

/ / /

/ / /

2

## II.    ANALYSIS

Petitioner entered the United States without inspection in November 2018 and has since lived in this country. Pet. at 3; *see also* Exh. A, Decl. of Dionicio Calmo Perez ("Perez Decl.") ¶ 1. On January 3, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers in Oceanside, CA. Pet. at 3; Perez Decl. ¶ 3. Petitioner states that "he has never been shown a warrant, and it appears he was arrested without one." Pet. at 10. However, in the Government's Supplemental Briefing filed on June 26, 2026, the Government states that "Petitioner was served with the administrative warrant on January 3, 2026" —the same day he was arrested. ECF No. 10 at 1; *see also* Ex. 1. Petitioner filed a Reply reiterating his argument for immediate release on the basis that "nothing in the warrant shows that it was issued *before* Mr. Calmo Perez's arrest . . . the warrant was only prepared and served on him *after* he was arrested and taken into custody." ECF No. 11 at 2 (emphasis in original).

The Central District of California certified a class of which Petitioner was initially a member and essentially overruled *Matter of Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225.

As a noncitizen who, at the time of his detention, had been living in the United States for approximately eight years, Petitioner was and is subject to Section 1226(a). Section 1226(a) states in relevant part that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). By contrast, Section 1225(b) applies to noncitizens arriving at the border or who very recently entered the United States. *See Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4-7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the

3

government may "detain certain [noncitizens] seeking admission into the country under Sections 1225(b)(1) and (b)(2)," while Section 1226(a) allows the government to "detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added).

For all of the reasons stated in its previous opinions on this issue, including but not limited to *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4-7, the Court agrees Petitioner is entitled to a bond hearing before an Immigration Judge pursuant to § 1226(a). However, to the extent Petitioner requests immediate release because the administrative warrant was not issued *before* his arrest, the Court denies the request. Under 8 U.S.C. § 1357(a)(2), ICE may arrest a noncitizen without a warrant. The Government then has 48 hours to issue a warrant if it determines that the person will remain in custody. *See* 8 C.F.R. § 287.3(d). The Government has submitted evidence that an administrative warrant was served on Petitioner the same day he was detained. ECF No. 10, Ex. 1. Petitioner's filings do not assert otherwise. Accordingly, the Court finds that an administrative warrant was issued within 48 hours of Petitioner's arrest.

Petitioner's reliance on *Ramos v. Lyons*, 809 F. Supp. 3d 1015 (C.D. Cal. Nov. 12, 2025), is misplaced. Petitioner parses language from *Ramos*, but the same paragraph Petitioner cites to states: "By contrast, '[i]f no federal warrant has been issued, those officers have more limited authority,' and can arrest an alien only as authorized under 8 U.S.C. § 1357, a statute which permits warrantless arrests." *Id.* at 1024 (quoting *Arizona v. U.S.*, 567 U.S. 387, 407 (2012)). The Court finds that the Government's evidence that Petitioner was served an administrative warrant the same day as his arrest is sufficient under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.3(d). The warrant was issued within 48 hours of Petitioner's arrest and Petitioner has not presented the Court with any controlling authority that would warrant immediate release under these circumstances.

## III.   CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1.      Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

26cv3178-LL-JAC

2.    Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **fourteen (14) days** of the date of this order (unless Petitioner requests a continuance).

      a.    At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

      b.    The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

      c.    Respondent **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *Singh*, 638 F.3d at 1200).

3.    The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  June 30, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv3178-LL-JAC